IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOLA SHALEWA BARBARA KASALI, BOP #18011-579, | § § § | |
| *Petitioner*, | § § § | |
| v. | § § | CIVIL ACTION NO. H-22-1078 |
| HIROMICHI KOBAYASHI, | § § § | |
| *Respondent*. | § § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a federal prisoner incarcerated at FDC Houston at the time of filing, filed this *pro se* habeas petition under 28 U.S.C. § 2241. Respondent filed a motion to dismiss and/or for summary judgment, and served petitioner a copy at her current location at FCI Aliceville on October 4, 2022.[1] (Docket Entries No. 9, 18.)

Petitioner did not respond to the motion or seek an extension of time to respond. Nevertheless, petitioner filed a motion seeking appointment of counsel or transfer to a different facility on December 12, 2021. (Docket Entry No. 21.) The Court denied the motion. While not a timely or designated response to respondent's motion, petitioner's motion sets forth some allegations and arguments regarding the merits of her habeas claims. In the interest of justice, the Court has reviewed her motion in light of respondent's motion.

---

[1] Petitioner states that she arrived at FCI Aliceville on September 29, 2022. (Docket Entry No. 21, p. 1.) The Court received her notice of change of address on December 2, 2022. (Docket Entry No. 19.) Petitioner acknowledges that she received respondent's motion. (Docket Entry No. 21, pp. 1–2.)

Having considered respondent's motion, the pleadings, petitioner's motion for counsel, matters of public court record, and the applicable law, the Court **GRANTS** the motion to dismiss and/or for summary judgment and **DISMISSES** this lawsuit for the reasons shown below.

## I. BACKGROUND AND CLAIMS

A jury found petitioner guilty of two counts of false statements to a financial institution, in violation of 18 U.S.C. § 1014, and two counts of bank fraud, in violation of 18 U.S.C. § 1344, arising from her fraudulent applications for federal relief money during the COVID-19 pandemic. She was sentenced on April 8, 2022, to 70 months in prison, followed by a five-year term of supervised release. She was initially sent to Federal Bureau of Prisons ("BOP") FDC Houston, and is currently housed at FCI Aliceville in Aliceville, Alabama.

In this habeas petition, petitioner challenges five BOP disciplinary convictions and, in a separate claim, contends she was arrested in her criminal prosecution without probable cause and denied a preliminary hearing. Petitioner also raises civil claims regarding her housing and conditions of confinement.

## II. LEGAL STANDARDS

A. <u>FRCP 12(b)(6)</u>

Defendants seek dismissal of petitioner's claims pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a cognizable claim for relief.

2

Motions to dismiss under FRCP 12(b)(6) for failure to state a claim are appropriate where the defendant attacks the complaint because it fails to state a cognizable claim. FED. R. CIV. P. 12(b)(6). A complaint may be dismissed for failure to state a claim where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *Grisham v. United States*, 103 F.3d 24, 25–26 (5th Cir. 1997). Such dismissal is also appropriate where the plaintiff's allegations are conclusory or where the complaint shows that relief is barred by an affirmative defense. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

B. <u>FRCP 56</u>

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). As a procedural vehicle for disposing of deficient claims, summary judgment is not a "disfavored procedural shortcut," but rather represents an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

To show there is no genuine dispute as to facts, the movant must cite specific parts of the summary judgment materials, or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(B). When the movant has carried its

burden under FRCP 56(a), the nonmovant must demonstrate that there is a genuine dispute of material fact and not merely allege that there is a factual dispute. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). The nonmovant must also articulate the precise manner in which the evidence sets forth or supports his claims. *See Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). If the nonmovant seeks denial of summary judgment on factual grounds, the nonmovant must "cit[e] to particular parts of materials in the record. . ." FED. R. CIV. P. 56(c)(1)(A).

## III. ANALYSIS

A. <u>Proper Respondent</u>

The proper respondent to a section 2241 habeas petition is the warden of the facility where the petitioner is being held. *Padilla v. Rumsfeld*, 542 U.S. 426, 434 (2004). Hiromichi Kobayashi is Warden of FDC Houston where petitioner was housed at the time of filing the instant suit, and is the proper respondent.

Accordingly, the other respondents named by petitioner – Michael Carvajal, the Federal Bureau of Prisons, the United States Attorney, and the U.S. Marshals Service – are **DISMISSED WITHOUT PREJUDICE**.

B. <u>Conditions of Confinement Claims</u>

Petitioner complains that she was housed by BOP officials in a special housing unit at FDC Houston for a prolonged period of time without justification and in retaliation for her complaints against prison staff. She contends that, because of her housing, she was unable

to ask other inmates for help with her litigation. She further complains of unsafe conditions of confinement while housed in pretrial custody.

In determining when a prisoner may bring a claim via habeas, as opposed to filing a civil rights lawsuit, the instructive principle is that "challenges to the fact or duration of confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought [as civil rights actions." *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017). The Fifth Circuit Court of Appeals has previously clarified that where a prisoner's challenge "affects the timing of his release from custody," it should be brought under habeas. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). However, "[i]f a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle is a [civil rights action]." *Id.*

The complaints raised by petitioner regarding her housing would not affect the timing of her release, and are not cognizable federal habeas claims. Accordingly, petitioner's complaints as to her pretrial and FDC Houston housing are **DISMISSED WITHOUT PREJUDICE** for failure to raise a cognizable federal habeas claim.

C. Disciplinary Convictions

Petitioner argues that she was denied due process at five BOP disciplinary hearings when the disciplinary hearing officer ("DHO") disallowed her witnesses and imposed punitive sanctions. She requests expungement of the disciplinary convictions and restoration of 136 days of good time credit she forfeited due to the convictions.

At issue are petitioner's disciplinary hearings and convictions in the following multiple disciplinary incidents:

    a.    Incident Report No. 3495032 (for petitioner's repeated pressing of the duress alarm in her cell, when there was in fact no emergency);

    b.    Incident Report No. 3513776 (for petitioner's refusal or failure to provide a valid urine sample);

    c.    Incident Report No. 3536658 (for petitioner's refusal to submit to a breathalyzer test and to provide a urine sample within two hours for a random urinalysis);

    d.    Incident Report No. 3518773 (for petitioner's improper use another inmate's telephone account to contact a family member); and

    e.    Incident Report No. 3612593 (for petitioner's repeated physical assault of a BOP staff member during an attempted temperature reading).

Respondent argues that petitioner failed to exhaust the required administrative grievance procedures for these disciplinary convictions.

As a BOP inmate at FDC Houston, petitioner was required to exhaust the BOP's multi-step grievance process prior to filing her lawsuit. *See Hicks v. Garcia*, 372 F. App'x 557, 557 (5th Cir. 2010) (per curiam) (citing 28 U.S.C. § 1997e(a)) ("Under the Prison Litigation Reform Act, inmates must exhaust 'such administrative remedies as are available' prior to bringing a civil action"). As relevant to petitioner here, codified BOP regulations define the grievance procedures. *See* 28 C.F.R. §§ 542.10 *et seq*. First, a prisoner must attempt to informally present the issue to staff. 28 C.F.R. § 542.13(a). If that fails, the prisoner may then submit a "Request for Administrative Remedy" to the prison's warden.

6

*Id.* at §§ 542.13(a), 542.14. If the prisoner is not satisfied with the warden's response, she may appeal to the BOP's regional director. *Id.* at § 542.15(a). If the prisoner is unsatisfied with the regional director's response, she may appeal to the BOP's general counsel. *Id.* Administrative remedies have not been exhausted until the prisoner's claim has been filed at all levels and has been denied at all levels.

In support of the pending motion to dismiss and/or for summary judgment, respondent submitted the affidavit of BOP employee Joseph Potts, who testifies in relevant part as follows:

> 1. I am currently employed by the Federal Bureau of Prisons (BOP) as the Disciplinary Hearing Officer for the South Central Regional Office. Included in my duties as a DHO is the responsibility for conducting disciplinary hearings which involve inmates designated for their federal sentences at the Federal Detention Center located in Houston, Texas (FDC Houston). I have been employed by the BOP since May 31, 1995. I have been a full time DHO conducting hearings at FDC Houston since March 15, 2020.
>
> \* \* \* \*
>
> 3. I have reviewed the complaint filed by [petitioner], wherein she alleges deprivation of her right to due process following several DHO hearings and seeks restoration of 136 days Good Conduct Time (GCT).
>
> \* \* \* \* \*
>
> 5. [Petitioner] has received numerous DHO hearings for committing prohibited acts while at FDC Houston and has received various sanctions including loss of [GCT]. Specifically, Petitioner has received 5 incident reports which resulted in the loss of a total 163 days GCT: Incident Report No. 3495032, Incident Report No. 3513776, Incident Report No. 3536658, Incident Report No. 33518773, and Incident Report No. 3612593.

\* \* \* \* \*

14. In this case, Petitioner did not properly exhaust her administrative remedies for [the] alleged violation of due process in the DHO hearing of Incident Report No. 3495032. Petitioner filed a BP-10 administrative remedy at the Regional level: 1085365-R1. However, the administrative remedy was rejected due to delayed appeal.

\* \* \* \* \*

22. In this case, Petitioner did not properly exhaust her administrative remedies for [the] alleged violation of due process in the DHO hearing of Incident Report No. 3513776. Petitioner filed a BP-10 administrative remedy at the Regional level: 1092648-R1. However, the administrative remedy response supported my initial deliberation [*sic*] in the DHO hearing for Incident Report No. 3513776.

23. Petitioner attempted to file a BP-11 administrative remedy at the Central Office level: 1092648-A1; however, the response requested that Petitioner provide additional documentation before a final determination could be made.

\* \* \* \* \*

31. In this case, Petitioner did not properly exhaust her administrative remedies for [the] alleged violation of due process in the DHO hearing of Incident Report No. 3536658. Petitioner filed a BP-10 administrative remedy at the Regional level: 1104177-R1. However, the administrative remedy was rejected as its filing was determined to be untimely.

\* \* \* \* \*

40. In this case, Petitioner did not properly exhaust her administrative remedies for [the] alleged violation of due process in the DHO hearing of Incident Report No. 3518773. Petitioner filed a BP-10 administrative remedy at the Regional level: 1104158-R1. However, the administrative remedy was rejected as its filing was determined to be untimely.

\* \* \* \* \*

    49.    In this case, Petitioner did not properly exhaust her administrative remedies for [the] alleged violation of due process in the DHO hearing of Incident Report No. 3612593. There is no record of Petitioner filing any administrative remedies pertaining to this DHO hearing.

(Docket Entry No. 9-1, Exhibit A, pp. 2–11, record citations omitted.)

Respondent has presented probative summary judgment evidence establishing as a matter of law that petitioner failed to exhaust her prison administrative remedies prior to filing this lawsuit. Petitioner fails to controvert the evidence and fails to raise a genuine issue of material fact precluding the granting of summary judgment.

Respondent is entitled to summary judgment dismissal of petitioner's challenges to her five disciplinary convictions, and her claims are **DISMISSED WITH PREJUDICE**.

    D.    <u>Arrest</u>

Petitioner further claims that she was arrested without probable cause in 2020 and denied a preliminary hearing in her criminal prosecution. Petitioner was convicted and sentenced in April 2022, and her appeal remains pending in the Fifth Circuit. *United States v. Kasali*, No. 21-20681 (5th Cir. Dec. 16, 2022).

Because petitioner's direct appeal of her convictions remain pending in the Fifth Circuit, this Court is without jurisdiction to address the validity of her criminal convictions. The Supreme Court has stated that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the

9

district court of its control over those aspects of the case involved in an appeal." *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

Petitioner's challenges to the validity of her arrest in 2020 and lack of a preliminary hearing are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

### IV. CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. Michael Carvajal, the Federal Bureau of Prisons, the United States Attorney, and the U.S. Marshals Service are **DISMISSED WITHOUT PREJUDICE** as respondents in this lawsuit.

2. Respondent's motion to dismiss and/or for summary judgment (Docket Entry No. 9) is **GRANTED**.

3. Petitioner's claims challenging her five disciplinary hearings and convictions are **DISMISSED WITH PREJUDICE**.

4. Petitioner's claims challenging her housing and conditions of confinement are **DISMISSED WITHOUT PREJUDICE**.

5. Petitioner's challenges to the lawfulness of her arrest and lack of a preliminary hearing are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

6. Any and all pending motions are **DISMISSED AS MOOT**.

7. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on _____JAN 2 5 2023_____.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE